1

2                      **UNITED STATES DISTRICT COURT**

3                            **DISTRICT OF NEVADA**

4    UNITED STATES OF AMERICA,

5                  Plaintiff,                    Case No. 2:19-cr-00019-MMD-NJK

      vs.                                        REPORT AND RECOMMENDATION
6
      JULIO CESAR GARCIA-CUEVAS,                  (Docket No. 26)
7
                  Defendant.
8

9          This matter was referred to the undersigned Magistrate Judge on Defendant Julio Cesar

10   Garcia-Cuevas' motion to dismiss indictment.   Docket No. 26.   The Court has considered

11   Defendant's motion, the United States' response, and Defendant's reply.   Docket Nos. 26, 31, 32.

12   **I.      BACKGROUND**

13         On January 22, 2019, a federal grand jury sitting in Las Vegas, Nevada issued an indictment

14   charging Defendant with one count of deported alien found unlawfully in the United States, in

15   violation of Title 8, United States Code, Section 1326.   Docket No. 1.   The charge alleges that

16   Defendant reentered and remained in the United States "after having been deported and removed

17   therefrom on or about December 2, 2015, April 3, 2016, and July 26, 2017..." *Id*. at 1.

18         Defendant submits that his November 13, 2015, Notice to Appear ("NTA"), which led to

19   his removal, was insufficient because it did not set a date, place, or time for his removal hearing.

20   *Id*. at 2; Docket No. 26-1 at 2.   Defendant submits that, if the original NTA does not include the

21   presiding Immigration Court's address, the Court does not have jurisdiction and a subsequent

22   notice cannot cure this omission.   Docket No. 26 at 6-7.   As a result, Defendant submits, the

23   Immigration Judge who removed him lacked jurisdiction to do so.   *Id*. at 2, 4-5, 9.   Defendant

1 further submits that he need not have exhausted his administrative remedies in the underlying

2 deportation in order to collaterally attack it, as the deportation proceeding was void for lack of

3 jurisdiction. *Id*. at 11.  Since the NTA lacked the Immigration Court's address and the date and

4 time of Defendant's initial removal hearing and the documents provided in discovery demonstrated

5 that immigration officials never served him with a curative Notice of Hearing, Defendant asks the

6 Court to dismiss the indictment against him with prejudice. *Id*. at 13.

7       In response, the United States submits that, on November 13, 2015, immigration officials

8 issued Defendant an NTA after he was convicted of a felony robbery charge in California state

9 court. Docket No. 31 at 2.  The United States submits that, on the same date, Defendant signed

10 for receipt of the NTA, which charged him as an alien illegally in the United States and an alien

11 who has been convicted of committing acts which constitute the essential elements of a crime

12 involving moral turpitude, and stated that the date and time of the hearing were to be set later. *Id*.

13 Additionally, the United States submits that, on November 18, 2015, a custodial officer served

14 Defendant with a Notice of Hearing in Removal Proceedings. *Id*.; Docket No. 31-1.[1]  The Notice

15 of Hearing in Removal Proceedings, which the United States attached to its response, is dated

16 November 18, 2015, and states that Defendant's case has been scheduled for a hearing before the

17 Immigration Court on December 1, 2015 at 8:00 a.m., at 10400 Rancho Road, Adelanto,

18 California. Docket No. 31-1 at 2.  The United States submits that, on December 1, 2015, Defendant

19 appeared before an Immigration Judge, who ordered him removed from the United States to

20 Mexico. Docket No. 31 at 2.  The United States further submits that Defendant waived his right

21

---

22 [1] The United States submits that this document was not in Defendant Alien A-File and, thus, had
    not been provided to defense counsel at the time of the filing of the motion to dismiss. Docket No.
23 31 at 2 n. 1.

2

to appeal. *Id*. Additionally, the United States submits that the NTA "filed as a charging document

in the immigration court need not contain the time or place of the proceedings." *Id*. at 3. Rather,

the United States submits, the rules require immigration officials to include the time, place, and

date of the initial removal proceeding "where practicable" and, when this information is not in the

initial notice, "the Immigration Court shall be responsible for scheduling the initial removal

hearing and providing notice…of the time, place, and date of hearing." *Id*. (quoting 8 C.F.R. §

1003.18(b)). The United States submits that the Immigration Judge had jurisdiction over

Defendant during his removal proceedings. *Id*. at 5-8. The United States further submits that

Defendant's challenge to the validity of the Immigration Judge's removal order does not excuse

him from exhausting his administrative remedies and that he has failed to do so. *Id*. at 8-9.

Therefore, the United States submits that the initial NTA vested jurisdiction in the Immigration

Court, the subsequent Notice of Hearing cured the defects regarding the date, time, and place in

the NTA, a valid immigration proceeding occurred, Defendant was lawfully removed to Mexico,

and Defendant has failed to demonstrate that he exhausted his administrative remedies. *Id*. at 9.

Accordingly, the United States asks the Court to deny Defendant's motion. *Id*. at 10.

In reply, Defendant submits that the initial NTA did not vest jurisdiction in the Immigration

Court. Docket No. 32 at 1-2. Defendant further submits that the Notice of Hearing fails to cure

the address deficiency because the NTA is a single document that must contain all necessary

information; yet, the only address it contains is that of Defendant's residence. *Id*. at 2. Defendant

submits that the regulation expressly requires the NTA to contain the address of the Immigration

Court where it is filed and, since Defendant's does not, the Immigration Court had no jurisdiction

to remove him. *Id*. at 3-4. Defendant further submits that the Notice of Hearing does not cure the

defects of the NTA, and that it does not meet the regulatory requirements to be termed a subsequent

1  NTA.  *Id*. at 4-5.  Additionally, Defendant submits that the lack of jurisdiction automatically

2  invalidates the removal order; therefore, he asks the Court to dismiss his indictment.  *Id*. at 5-6.

3  **II.     ANALYSIS**

4     Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss

5  an indictment on the ground that the indictment "fail[s] to state an offense."  In considering a

6  motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment

7  in analyzing whether a cognizable offense has been charged. The indictment either states an

8  offense or it does not. There is no reason to conduct an evidentiary hearing."  *United States v.*

9  *Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  "In ruling on a pre-trial motion to dismiss an indictment

10  for failure to state an offense, the district court is bound by the four corners of the indictment."  *Id*.

11  A motion to dismiss an indictment can be determined before trial "if it involves questions of law

12  rather than fact."  *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986);

13  *United States v. Jimenez*, 191 F.Supp.3d 1038, 1040 (N.D.Ca. 2016).  For this reason, "[g]enerally,

14  Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former

15  conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'"  *Shortt*,

16  785 F.2d at 1452.  A defendant moving to dismiss an indictment bears the burden of demonstrating

17  a factual basis for the motion to dismiss. *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir.

18  2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

19     In order to convict a defendant of illegal reentry under 8 U.S.C. § 1326, the United States

20  must establish that the defendant "left the United States under order of exclusion, deportation, or

21  removal, and then illegally reentered."  *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir.

22  2014) (internal quotation marks and citation omitted).  "A defendant charged with illegal reentry

23  pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his

1 │ underlying removal order, because that order serves as a predicate element of his conviction."

2 │ *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017).

3 │       To demonstrate that a prior deportation cannot serve as the basis of an indictment for illegal

4 │ reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the

5 │ administrative remedies available for seeking relief from the predicate removal order; (2) the

6 │ deportation proceedings 'improperly deprived [him] of the opportunity for judicial review;' and

7 │ (3) the removal order was 'fundamentally unfair.'" *Raya–Vaca*, 771 F.3d at 1201 (quoting 8

8 │ U.S.C. § 1326(d)). "To satisfy the third prong—that the order was fundamentally unfair—the

9 │ defendant bears the burden of establishing both that the deportation proceeding violated his due

10 │ process rights and that the violation caused prejudice." *Id.* (internal quotation marks, citation, and

11 │ brackets omitted). Defendant bears the burden of proving all the Section 1326(d) elements.

12 │ *Ochoa*, 861 F.3d at 1019.

13 │       In *Pereira v. Sessions*, 138 S.Ct. 2105, 2113-2114 (2018), the Supreme Court held that "[a]

14 │ putative notice to appear that fails to designate the specific time or place of the noncitizen's removal

15 │ proceedings is not a 'notice to appear under section 1229(a) [of the Immigration and Naturalization

16 │ Act ("INA") ],' and so does not trigger the stop-time rule." The question at issue in *Pereira* was

17 │ whether an NTA lacking this information triggered the "stop-time" rule under 8 U.S.C. §

18 │ 1229b(d)(1).

19 │       After *Pereira* was decided, the Board of Immigration Appeals entertained the issue raised

20 │ in that case. It found that an NTA which fails to specify the time and place of removal proceedings

21 │ does not divest the Immigration Judge of jurisdiction, so long as a Notice of Hearing specifying

22 │ the information is later sent to the noncitizen. *Matter of German Bermudez-Cota*, 27 I. & N. Dec.

23 │ 441, 441 (BIA Aug. 31, 2018).

1       On December 14, 2018, the Sixth Circuit found, in *Hernandez-Perez v. Whitaker*, 911 F.3d

2   305 (6th Cir. 2018), that the decision in *Pereira* has no relevance to the jurisdiction question.

3   Specifically, the Sixth Circuit noted that, notwithstanding its finding that the NTA was defective,

4   the *Pereira* Court did not invalidate the petitioner's underlying removal proceedings.  The Court

5   found that "[i]f *Pereira*'s holding applied to jurisdiction, there also would not have been

6   jurisdiction in *Pereira* itself.  But the Court took up, decided, and remanded *Pereira* without even

7   hinting at the possibility of a jurisdictional flaw." *Id*. at 313.

8       Further, on January 28, 2019, the Ninth Circuit addressed whether an NTA that does not

9   include time and date information vests jurisdiction with the immigration judge. *See Karingithi v.*

10  *Whitaker*, 913 F.3d 1158 (9th Cir. 2019).  The petitioner in *Karingithi* had argued that, "if a notice

11  to appear does not state the time for her initial removal hearing, it is not only defective under §

12  1229(a), but also does not vest jurisdiction with the [Immigration Judge]." *Id*. at 1160. The Ninth

13  Circuit, however, found that:

14          [T]he regulations, not § 1229(a), define when jurisdiction vests.
            Section 1229 says nothing about the Immigration Court's
15          jurisdiction. And for their part, the regulations make no reference to
            § 1229(a)'s definition of a "notice to appear." If the regulations did
16          not clearly enumerate requirements for the contents of a notice to
            appear for jurisdictional purposes, we might presume they *sub*
17          *silentio* incorporated § 1229(a)'s definition. But the plain,
            exhaustive list of requirements in the jurisdictional regulations
18          renders that presumption inapplicable here. Not only does that list
            not include the time of the hearing, reading such a requirement into
19          the regulations would render meaningless their command that such
            information need only be included "where practicable." The
20          regulatory definition, not the one set forth in § 1229(a), governs the
            Immigration Court's jurisdiction. A notice to appear need not
21          include time and date information to satisfy this standard.

22  *Id*. (internal citations omitted).

23

1      The *Karingithi* Court found that the Supreme Court, in *Pereira*, limited its holding to the

2  "narrow" context of the stop-time rule. *Id*. at 1161. The Court found it significant that, while the

3  stop-time statute at issue in *Pereira* specifically cross-referenced the statute defining a Notice to

4  Appear, the regulations regarding an immigration judge's jurisdiction in removal proceedings do

5  not cross-reference that statute. *Id*. The Court therefore found that the regulation controls whether

6  jurisdiction has been vested, not the statute. *Id*. Therefore, the Court found that any attempt to

7  extend the non-jurisdictional ruling in *Pereira* to the jurisdictional issue must fail and, specifically,

8  that "*Pereira* simply has no application [to the Immigration Court's jurisdiction]." *Id*.

9      On May 22, 2019, the Ninth Circuit found that the stop-time rule is not triggered by service

10  of a defective NTA. *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019). The Court found that the

11  statutory requirement that an NTA include time and place information must be met in order to

12  trigger the stop-time rule. *Id*. at 399. Further, the Court found that a subsequent notice of hearing

13  does not cure a defective NTA for the purpose of the stop-time rule. Id. at 399-400.

14      Here, *Karingithi* makes clear that both *Pereira* and *Lopez* are inapplicable to this case, as

15  they rely upon the statute to determine whether the stop-time rule is triggered and the issue here

16  relies upon the regulation to determine jurisdiction. The Court finds that the NTA and subsequent

17  Notice of Hearing satisfied the regulation. Therefore, as Defendant's jurisdiction argument is

18  based on the reasoning in *Pereira* and *Lopez*, the Court finds that the Immigration Court had

19  jurisdiction during the 2015 removal proceeding and that Defendant's arguments regarding lack

20  of due process in the issuance of his 2015 removal order and the prejudice resulting therefrom

21

22

23

1   must fail.[2]  Accordingly, Defendant's collateral attack on the validity of his underlying removal

2   order must fail as well.  Defendant has, therefore, failed to prove the Section 1326(d) elements

3   required to demonstrate that his prior deportation cannot serve as the basis of his indictment for

4   illegal reentry.

5       **III.    RECOMMENDATION**

6           Based on the foregoing and good cause appearing therefore,

7           **IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment, Docket No.

8   26, be **DENIED**.

9           DATED: September 3, 2019.

10

11
                                                    _____
                                                    NANCY J. KOPPE
12                                                  UNITED STATES MAGISTRATE JUDGE

13

14                                        **NOTICE**

15           This report and recommendation is submitted to the United States district judge

16  assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

17  recommendation must file a written objection supported by points and authorities within fourteen

18  days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

19  a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951

20  F.2d 1153, 1157 (9th Cir. 1991).

21

22  [2]      In addition, like the petitioner in *Karingithi*, Defendant received actual notice of the date,
    time, and location of his hearing and, in fact, attended his removal proceeding.  Such actual notice
23  also defeats Defendant's arguments regarding due process and prejudice.