UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br>JULIO CESAR GARCIA-CUEVAS,<br><br>                              Defendant. | Case No. 2:19-cr-00019-MMD-NJK-1<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE |

**I.    SUMMARY**

Defendant Julio Cesar Garcia-Cuevas has moved to dismiss the indictment charging him with one count of deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326 ("Motion"). (ECF No. 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe recommending that Defendant's Motion be denied. (ECF No. 33.) Judge Koppe found that Defendant fails to successfully collaterally attack the validity of his underlying removal order on jurisdictional grounds. Defendant filed an objection ("Objection") (ECF No. 36) and the government responded (ECF No. 38). The Court will overrule the Objection and adopt the R&R's ultimate recommendation. The Court therefore denies the Motion because Defendant has not successfully collaterally attacked the underlying removal.

**II.    BACKGROUND**

Defendant is a native of Mexico. He was served on November 13, 2015 with an initial notice to appear ("NTA")[1] which did not specify the time and date of his underlying removal proceedings. (ECF No. 26-1.) The NTA also did not include the address of the

///

---

[1] *See* 8 CFR § 1003.14 ("Jurisdiction vest, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."); *see also id.* § 1003.13 (defining a "charging document" as including "a [NTA]"), §§ 1003.15(b) & 1003.18(b) (explaining what must be included in the NTA).

place for Defendant's removal hearing. (*Id.*) Five days later, on November 18, 2015, Defendant was provided a notice of hearing in removal proceedings ("NOH"), which provided the time, date, and address of Defendant's immigration proceedings—December 1, 2015, at 8:00 A.M., in Adelanto, California. (ECF No. 38-1.) However, the NOH listed a slightly different address for the immigration court than where it specifically indicated Defendant's hearing would be—namely Defendant's particular in-custody residence. (*Id.*) The NOH provided the immigration court as located at 10250 Rancho Road, Suite 201A, Adelanto, California 92301. (*Id.*) It then also indicated that Defendant was to appear before that court at 10400 Rancho Road, Adelanto, California 92301—not "10250". (*Id.*) The government indicates that Defendant's in-custody residence and the immigration court are in the same facility. (ECF No. 38 at 2; ECF No. 38-2.)

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Defendant's Objection, the Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Koppe's R&R.

### B. Collateral Challenge Framework

To obtain a conviction for unlawful reentry pursuant to 8 U.S.C. § 1326(a), the government must establish that the defendant was previously validly removed from the United States before the alleged reentry. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). A defendant charged with unlawful reentry under § 1326(a) "has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). A defendant may successfully challenge a predicate

2

removal order by showing: (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings where the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the removal order is fundamentally unfair. *See* 8 U.S.C. § 1326(d); *see also Ubaldo-Figueroa*, 364 F.3d at 1047 (noting that "the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation" in a § 1326 prosecution). The entry of a removal order is fundamentally unfair if the deportation proceedings violated the defendant's due process rights and that violation prejudices the defendant. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004).[2]

## IV. DISCUSSION

Defendant's collateral challenge is based on two arguments. First, relying on *Lopez v. Barr*, 925 F.3d 396, 404 (9th Cir. 2019), Defendant contends that the NTA is invalid because it did not include the date, time or place of the removal hearing. (ECF No. 36.) Defendant additionally argues that the NTA was invalid based on a decision from the Eastern District of Washington—*United States v. Muniz-Sanchez*, 388 F. Supp. 3d 1284 (E.D. Wash. 2019). (*Id.*)[3]

Defendant's reliance on *Lopez* is futile. *Lopez* involves the same stop-time rule at issue in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In *Karingithi v. Whitaker*, a Ninth Circuit panel found that the immigration court's jurisdiction does not hinge on § 1229(a)—unlike the stop-time rule in *Pereira*, but instead on *regulations* promulgated by the Attorney General. 919 F.3d 1158, 1160 (9th Cir. 2019). For these reasons, this Court agrees with Judge Koppe that, as with *Pereira*, *Karingithi* renders *Lopez* inapplicable to this case (*see* ECF No. 33 at 7).

///

---

[2]Ninth Circuit caselaw excuses a defendant from satisfying the exhaustion and deprivation requirements under § 1326(d)(1) and (2) if the defendant can show that the entry of the deportation order was fundamentally unfair under § 1326(d)(3). *See, e.g.*, *United States v. Ochoa*, 861 F.3d 1010, 1020 (9th Cir. 2017); *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014).

[3]Defendant raises other ancillary arguments that the Court need not address here as they are already addressed in the R&R with which the Court agrees.

Based on applicable regulations, including 8 C.F.R. §§ 1003.13, 1003.14(a) 1003.15(b) and 1003.18(b), the Ninth Circuit found in *Karingithi* that a notice to appear not specifying the time and date of an alien's initial removal hearing vests the immigration court with jurisdiction over the removal proceedings "so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 1161 (quoting and relying on *In re Bermudez-Cota*, 277 I. & N. Dec. 441, 447 (BIA 2018)).[4] The government also cites a later non-precedential decision, *Deocampo v. Barr*, where the court of appeals suggests that jurisdiction exists where a later notice of hearing specifies the otherwise omitted *place* for the removal hearing (ECF No. 38 at 9). 766 F. App'x. 555, 557 & n.3 (9th Cir. 2019) ("Although *Karingithi* did not consider 'place,' 8 C.F.R. § 1003.18 lists 'place' alongside 'time' and 'date' as information that can be included 'where practicable.'"). The Court finds *Deocampo*'s explanation persuasive and considers it as directly on point to the issues here. *See* Ninth Cir. R. 36–3(b) ("Unpublished dispositions . . . issued on or after January 1, 2007 may be cited to [by] the courts of this circuit in accordance with [Fed. R. App. P.] 32.1.").[5]

Applying *Karingithi* and *Deocampo* to this case, the immigration court had jurisdiction over Defendant's removal proceedings so long as the subsequent NOH specified the time, date, and place of Defendant's removal hearing.

Here, it is undisputed that the NOH specified the time and date of Defendant's removal hearing. (ECF No. 38-1.) However, based on the discrepancy as to the

///

---

[4]The government argues that the initial NTA established jurisdiction even absent time, date, and place information. (*E.g.*, ECF No. 38 at 10.) That position is not supported by *Karingithi,* which specifically declined to address the issue of jurisdiction where the missing information is not subsequently provided in a *timely* fashion. *See* 919 F.3d at 1162 ("[W]e do not decide whether jurisdiction would have vested if [Karingithi] had not received this information in a timely fashion.").

[5]*See* Fed. R. App. P. 32.1 (stating that a court may not prohibit or restrict the citation of federal judicial opinions that have been designated as unpublished); *see also Cullett v. United States*, No. CR 92–750–AWT, 2017 WL 3616432, at *4 n.3 (C.D. Cal. Aug. 22, 2017) (stating that Rule 32.1's advisory committee notes "make[] clear [that] the import of Rule 32.1 is to allow parties, and, as here, the court, to cite such unpublished dispositions for persuasive value").

4

immigration court's address, Defendant argues that this case is like *Muniz-Sanchez* where the Eastern District of Washington concluded that the notice to appear was jurisdictionally deficient under one specific regulation—8 C.F.R. 1003.15(b)(6). *See* 388 F. Supp. 3d at 1287–88. To the extent *Muniz-Sanchez* may be read to disagree with *Karingithi*, the Court finds that decision legally unconvincing. *Compare* 8 C.F.R. § 1003.15(b) (expressly requiring that a notice to appear include the "address of the Immigration Court where the Service *will file* the Order to Show Cause and Notice to Appear") (emphasis added) *with* 8 C.F.R. § 1003.18(b) ("In removal proceedings pursuant to section 240 of the Act, the Service shall provide in the Notice to Appear, the time, *place* and date of the initial removal hearing, *where practicable.*") (emphasis added). This Court concludes that *Karingithi* stands for the proposition that a subsequent notice of hearing can cure a notice to appear that is deficient in the first instance by providing the missing information—of time and date, and, by extension, place. *See* 919 F.3d at 1161–62; *see also Deocampo* 766 F. App'x. at 557 & n.3.

Moreover, *Muniz-Sanchez* is factually distinguishable. In *Muniz-Sanchez,* the problem was that the notice of hearing provided the defendant with a *single* address of an immigration court in one city—El Centro, CA—while the removal hearing was held in a different city—Imperial, CA (most likely by video). 388 F. Supp. 3d at 1286, 1288. Broadly speaking, that court concluded that the *notice to appear* was thus invalid because it did not include the address of the immigration court that handled the proceedings and therefore jurisdiction was lacking. *Id.* at 1288. Here, it is undisputed that the NOH included the address of the immigration court where Defendant's removal hearing was in fact held— 10250 Rancho Road, Suite 201A. (ECF Nos. 26-2, 38-1.) This Court therefore declines to conclude that the immigration court lacked jurisdiction merely because the NOH also more precisely provided that Defendant's removal hearing was *at* 10400 Rancho Road— Defendant's in-custody residence. (ECF No. 38-1 at 2.) Given that the two addresses are within the same facility and that by process of elimination Defendant could easily conclude that his residence was not the immigration court, the Court is satisfied that the discrepancy

5

did not materially change the jurisdictional calculus here.[6] The Court therefore agrees with Judge Koppe that Defendant's jurisdictional arguments are invalid and adopts the R&R.

Accordingly, the Court finds that Defendant has not successfully challenged his underlying removal order under 8 U.S.C. § 1326(d). The Court will thus deny Defendant's motion to dismiss the indictment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's Objection to the Report and Recommendation of United States Magistrate Judge Nancy J. Koppe (ECF No. 36) is overruled.

It is further ordered that the Report and Recommendation (ECF No. 33) is adopted.

It is further ordered that Defendant's motion to dismiss (ECF No. 26) is denied.

DATED THIS 23rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6]The Court nonetheless cautions that due care should be taken to assure that such errors are eliminated.

6